IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

JOHNNIE JONES,                          §
                                        §
          Petitioner,                   §
                                        §
V.                                      §          CIVIL ACTION NO. G-09-006
                                        §
RICK THALER, TEXAS                      §
DEPARTMENT OF CRIMINAL                  §
JUSTICE, CORRECTIONAL                   §
INSTITUTIONS  DIVISION,                 §
                                        §
          Respondent.                   §

## MEMORANDUM AND RECOMMENDATION GRANTING RESPONDENT'S  MOTION FOR SUMMARY JUDGMENT

Pending in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 15).  Having considered the motion, the response (Document No. 21), Petitioner's claims, as set forth by him in his § 2254 Application (Document No. 1) and Memorandum of Law in Support (Document No. 2), the state court records, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No. 15) be GRANTED, that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and that this § 2254 proceeding be DISMISSED on the merits.

## I.    Introduction and Procedural History

Johnnie Jones ("Jones") is currently incarcerated in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") as a result of his conviction in the 130th District Court of Matagorda County, Texas, Cause No. 03-E-252, for delivery of a controlled substance.  On

September 9, 2003, Jones was charged by Indictment with delivery of a controlled substance in a drug free zone.  He was found guilty by a jury of that offense on October 20, 2004, and was sentenced to ninety-nine years incarceration in the TDCJ-ID.

Jones appealed his conviction to Texas' Thirteenth Court of Appeals.  The Court of Appeals affirmed his conviction on June 22, 2006, in an unpublished opinion.  *Jones v. State*, No. 13-04-00620-CR.  Jones' petition for discretionary review was refused on August 22, 2007.  Jones then filed a state application for writ of habeas corpus.  On December 17, 2008, the Texas Court of Criminal Appeals denied the application without written order.  *Ex Parte Jones*, Application No. WR-67-286-02.  This § 2254 proceeding, filed by Jones on or about January 16, 2009, followed.

Respondent has filed a Motion for Summary Judgment (Document No. 15), to which Jones has filed a response in opposition.  (Document No. 21).

## II.    Claims

Jones raises fifteen claims in this § 2254 proceeding:

1.    That he was denied his Fifth and Fourteenth Amendment rights to due process when the State failed to "present any evidence to prove each element of the offense charged";

2.    That his right to a trial by 12 person jury was violated when the trial court proceeded, over his objection, with only 11 jurors;

3.    That his Sixth and Fourteenth Amendment rights were violated when the trial court "forced him appear before the jury in jail clothing, shackles, and accompanied by excess security personnel";

4.    That no evidence was presented;

5.    That he is actually innocent of the offense;

6.      That he is "factually innocent" of the offense;

7.      That his Sixth and Fourteenth Amendment rights were violated when the "trial court allowed 'deficient evidence' to be presented to the jury above [sic] his objection";

8.      That his trial counsel was ineffective for failing to investigate the case prior to trial;

9.      That his trial counsel was ineffective for failing to attempt to suppress evidence;

10.     That his trial counsel was ineffective for failing to present a defense;

11.     That his trial counsel was ineffective for failing to move for a directed verdict of acquittal;

12.     That he was denied his Sixth Amendment right to effective assistance of counsel when the trial court denied his counsel's motion to withdraw;

13.     That he was denied counsel during the time allowed for filing a motion for new trial;

14.     That his appellate counsel was ineffective; and

15.     That the State knowingly used false testimony and fabricated evidence.

Petitioner's Memorandum of Law (Document No. 2) at 2-3.  In the Motion for Summary Judgment, Respondent argues that all of Jones' claims related to the sufficiency of the evidence, including claims 1, 4, 5 and 6, are procedurally barred herein due to Jones' failure to properly raise the claims in the state courts and the state courts' rejection of the claims on procedural grounds.  As for the remaining claims, Respondent argues that no relief is available to Jones under § 2254(d) because the state courts' rejection of the claims is not contrary to or an unreasonable application of clearly established Federal law, and is not based on an unreasonable determination of the facts.

3

### III.    Standard of Review

#### A.    Procedural Default of Insufficient Evidence Claims

In Texas, insufficient evidence claims must be raised on direct appeal.  *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994); *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).  When such claims are alleged for the first time in a state application for writ of habeas corpus, and the application is denied, such denial is to be strictly construed as a determination by the Texas Court of Criminal Appeals that such sufficiency of the evidence claims are not cognizable.  *Ex Parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).  Those same sufficiency of the evidence claims are then procedurally barred from review in a federal habeas corpus proceeding unless the habeas petitioner demonstrates cause for and prejudice resulting from the state law procedural default of the claim, or that he will suffer a fundamental miscarriage of justice if the claim is not reviewed.  *Renz*, 28 F.3d at 432-33.

#### B.    Merits Review under § 2254(d)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited.  28 U.S.C. § 2254(d) provides:

> (d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by [the Supreme] Court 'refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.' " *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams*, 529 U.S. at 405-406). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000). In addition, the

state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1) (2000).  *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. dism'd*, 124 S.Ct. 1652 (2004).

Under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding.  Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Woodford*, 534 U.S. at 27 ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.").  Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative.  In addition, the correctness of the state court's decision is not determinative.  As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted).  Moreover, it is the state court's ultimate decision that is to be reviewed for reasonableness, not its reasoning.  *Neal v. Puckett*, 286 F.3d 230, 244-46 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Pondexter v. Dretke*, 346 F.3d 142, 148-9 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004).

6

**IV.     Discussion**

**A.     Sufficiency of the Evidence Claims (claims 1, 4, and 6)**

In claims 1, 4, and 6, Jones maintains that there was legally and factually insufficient evidence to support his conviction. According to Jones, the State did not and could not prove that the crack cocaine admitted into evidence as Exhibits 3 and 3-A was his because the file report title on exhibits 3 and 3-A bore the name "DeShawn Andrews", not "Johnnie Jones".

Jones did not raise any sufficiency of the evidence claims in his direct appeal, or in his petition for discretionary review. Jones did raise the claims in his state application for writ of habeas corpus, but the application was "denied" by the Texas Court of Criminal Appeals, a ruling that is to be construed as a determination that the sufficiency of the evidence claims were not cognizable in the state habeas proceeding. *Grigsby*, 137 S.W.3d at 674. Given Jones' failure to raise his sufficiency of the evidence claims on direct appeal, as well as the Texas Court of Criminal Appeals' denial of Jones' state application for writ of habeas corpus, in which the claims were raised, those claims are not subject to review herein unless Jones can show cause and prejudice associated with his procedural default of the claims, or that he is actually innocent. Neither showing has been made. Moreover, even if Jones' sufficiency of the evidence claims were subject to review herein, no relief would be available to Jones on the merits of the claims. A legal sufficiency claim presents a mixed question of law and fact and is governed by the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 325 (1979). Under that standard, a petitioner must prove that no rational trier of fact could have found the existence of facts necessary to establish the offense beyond a reasonable doubt. *Id.* at 325-26. In applying the standard, all evidence is viewed in the light most favorable to the prosecution, *Id.* at 319; *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983), *cert. denied*, 464 U.S. 1049 (1984), and all

credibility choices and conflicts in the evidence are resolved in favor of the verdict. *United States v. Graves*, 669 F.2d 964, 969 (5th Cir. 1982).

Here, the record shows that Jones sold crack cocaine to an undercover officer, Lawrence Lilly.  S.F. Vol. 3 at 75.  Lilly turned that cocaine over to Special Agent Kurt Nelson, *Id.* at 79, who, in turn, delivered to the South Central Laboratory in Dallas.  *Id.* at 22.  Ted Chapman, a forensic chemist, testified that the substance  delivered by Nelson was 25.5 grams of cocaine base.  *Id.* at 107. While the file report title on that evidence bore the name "DeShawn Andrews," both Chapman and Nelson testified that the file report title was an identifier for the broad drug trafficking investigation that was being conducted in Bay City, Texas, and from which Jones, and many others, had been arrested and convicted of drug offenses.  *Id.* at 107-108, 109-110, 113-114.  Chapman explained the file report title as follows:

> Q: [by defense counsel]: Mr. Chapman, you have the – you're referring to the evidence marked as 3-A; and you have that marked as belonging to a DeShawn Andrews, correct?
>
> A: That's the file title on the –
>
> Q: The file title on that exhibit, you have marked as DeShawn Andrews; is that correct?
>
> A: Actually, the file title refers to the case and not – not a particular exhibit.
>
> * * *
>
> Q: [by prosecutor] Mr. Chapman, we talked a little bit a moment ago about the file titles.  Now, is it possible that there's more than one defendant involved in a particular file title?
>
> A: Usually there are.
>
> Q: So, that would not be unusual for one person's name to be on the file title and one – or even several other individuals to be involved in that file?

A: That's correct.

Q: Now, would it be unusual for there to be multiple exhibits involved in a particular file title?

A: That wouldn't be unusual at all.

Q: So, for example, under the file title DeShawn Andrews, there could be numerous exhibits pertaining to numerous defendants?

A: That's possible, yes.

S.F. Vol. 3 at 107-108, 109-110.  Nelson, similarly, testified about the significance of the file report title as follows:

Q: [by prosecutor] . . . So, the evidence admitted in 3 and 3-A is the same items you took into evidence on that date; and Sergeant Lilly had purchased from this defendant Johnnie Jones?

A: That is correct, yes.

Q: Now, is there a large file that covers your entire Bay City investigation?

A: Yes, it's rather large.

Q: And what name is on the title of that file?

A: The file title is DeShawn Andrews.

Q: So, if you could, explain to the jury, please, why would it be the name DeShawn Andrews is on a file that involves a defendant named Johnnie Jones?

A: Because this falls under one investigation which relates back to DeShawn Andrews.

Q: Was that the initial defendant?

A: This case, when it was initiated, we initiated it in June of 2001 with the arrest of DeShawn Andrews; and this case or investigation, if you will, falls under the same file number which is MX010019 and the same file title which is DeShawn Andrews. And it was named – it was given an operation name as Bay Breeze, B-r-e-e-z-e; and it was all one investigation.

9

Q: Is that reference M.X. the same number depicted in both of those exhibit tags I just asked you about?

A: Yes. M.X. – yes, that actually is our office depiction number which identifies the investigating office within D.E.A. Each office has their own designated alpha numeric number.

Q: So, under the file DeShawn Andrews, are there multiple defendants?

A: Yes, there are.

Q: And multiple drug exhibits?

A: Yes.

S.F. Vol. 3 at 113-114. Taking this testimony in a light most favorable to the prosecution, there was ample evidence to support Jones' conviction. As such, Jones' legal sufficiency and no evidence claims (claims 1 and 4) fail on the merits. As for Jones' factual sufficiency claim (claim 6), it is not cognizable in this federal habeas corpus proceeding because it is a product of state law and implicates no federal constitutional right(s). *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002), *Wanzer v. Cockrell*, 2002 WL 31045971 (N.D. Tex. 2002).

**B.      Jury composition claim (claim 2)**

Jones next claims that his rights were violated when the state trial court allowed for the discharge of one juror and allowed the case to proceed, over his objection, with only eleven jurors. This claim was raised by Jones in his direct appeal and rejected on the merits by the Texas Court of Appeals as follows:

In his second point of error, [Jones] contends that he trial court erred by finding a juror disabled and proceeding to trial with an eleven member jury.

Article 36.29 of the Texas Code of Criminal Procedure provides that "after the trial of any felony case begins and a juror . . . , as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the

jury, the remainder of the jury *shall* have the power to render the verdict." TEX. CODE CRIM. PROC. ANN. Art. 36.29(a) (Vernon Supp. 2005) (emphasis added). Disabled, as used herein, means "any condition that inhibits the juror from fully and fairly performing the functions of a juror." *Clark v. State*, 500 S.W.2d 107, 108-109 (Tex. Crim. App. 1973). The disabling condition may result from physical illness, mental condition, or an emotional state. *Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000).

The determination as to whether a juror is disabled lies within the sound discretion of the trial court. *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999). Absent an abuse of that discretion. No reversible error will be found. *Id.*

In the underlying case, a jury had been empaneled and sworn in by the trial court. The following day, one of the jurors reported to the trial court that she was no longer able to serve in the capacity of a juror because her father-in-law had passed away the previous night. After asking the juror questions regarding her emotional state and role as a juror, the trial court found the juror to be disabled and permitted the trial to proceed with only eleven jurors. Although [Jones] asserts the trial court abused its discretion in finding the juror disabled, the record does not support [Jones'] assertion. Based on the facts of this case, we conclude the trial court acted within its discretion in finding the juror disabled because of her emotional state. *See Reyes*, 30 S.W.3d at 411 (providing that a juror's disabling condition may result from an emotional state); *Clark*, 500 S.W.2d at 108-09 (holding that a trial court's determination that a juror was disabled because she was emotionally upset by the death of her father-in-law was proper). Furthermore, because the juror was found to be disabled, the trial court was permitted to proceed to trial with an eleven member jury. *See* TEX. CODE CRIM. PROC. ANN. art. 36.29(a); *Williams v. State*, 631 S.W.2d 955, 957 (Tex. App.–Austin 1982, no pet.). Thus, we overrule [Jones'] second point of error.

*Jones v. State*, No. 13-04-620-CR at 3-4. This rejection of Jones' claim is not contrary to or an

unreasonable application of clearly established Federal law because there is no federal constitutional

right to a twelve member jury. *See Williams v. Florida*, 399 U.S. 78, 86 (1970) ("We hold that the

12-man panel is not a necessary ingredient of 'trial by jury'"); *Ballew v. Georgia*, 435 U.S. 223, 239

(1978) (finding that a jury composed of less than six members would violate a defendant's "right to

a trial by jury guaranteed by the Sixth and Fourteenth Amendments"); *Mills v. Collins*, 924 F.2d 89,

93 (5th Cir. 1991) ("The Constitution does not require a defendant to waive a jury of less than twelve

members. The Sixth Amendment does not guarantee a jury of twelve members in a federal or state criminal trial. Although Texas law states the norm as a twelve member jury in a felony case, it allows a court to proceed with eleven jurors [when an empaneled juror becomes emotionally disabled]"). Because Jones had no federal constitutional right to a twelve member jury, and because the Texas Court of Appeals rejected Jones' claim on state law grounds, no relief is available to Jones on this claim in this proceeding.

### C.      Jail clothing/shackles claim (claim 3)

In his next claim, Jones complains that his Sixth and Fourteenth Amendment rights were violated when the state trial court allowed the jury to view him in jail clothing, shackles, and surrounded by extra security.

The Texas Court of Criminal Appeals' rejection of this claim is not contrary to or an unreasonable application of clearly established Federal law. In *Deck v. Missouri*, 544 U.S. 622, 629, 635 (2005), the Supreme Court set out as follows the clearly established law related to the shackling of a criminal defendant during trial:

> [T]he Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial. . . . [W]here a court, without adequate justification, orders the defendant to wear shackles that will be seen by the jury, the defendant need not demonstrate actual prejudice to make out a due process violation.

Following the Supreme Court's decision in *Deck*, the Fifth Circuit has held, in the context of a collateral habeas corpus proceeding, that relief is only available on a due process claim based upon the shackling of a defendant if "the error had a substantial and injurious effect or influence in determining the jury's verdict." *Hatten v. Quarterman*, 570 F.3d 595, 604 (5th Cir. 2009), *pet. for*

*cert. filed*, Sept. 1, 2009 (No. 09-7012).

Here, the state trial court made the following specific findings relative to Jones' appearance in jail clothing and shackles:

1. The Defendant has been repeatedly admonished prior to the commencement of voir dire that he has a right to be present in the Court during trial and that he has the right to appear in street clothes.

2. Defendant has refused to knowingly and voluntarily waive his right to appear, and has refused to change into his street clothes.

3. Defendant threatened Deputies and did not cooperate in being brought into the Courtroom. Four Deputies had to struggle with the Defendant to get him into his seat in the courtroom. The undersigned Judge was present in the Courtroom during this effort.

4. Defendant refused to answer the Court's questions regarding his status in the Courtroom.

5. The Deputies having custody of Defendant are authorized to take whatever steps are necessary to protect the Defendant, defense counsel, and the general public, including but not limited to restraining the Defendant.

6. The Courtroom was cleared before the Defendant was brought into the Courtroom. The Defendant's shackles were concealed from the jury to the fullest extent given the Defendant's non-cooperation.

Tr. 48. Those factual findings, which are supported by the record, *see* S.F. Vol. 2 at 14-28, and are presumed correct under § 2254(e), justified Jones' appearance in jail clothing and his shackling. As the record clearly shows, it was Jones himself who refused to change into street clothes. In addition, Jones struggled with four courtroom deputies, was observed doing so by the trial judge, and the shackles were concealed to the extent possible. Jones has made no showing, and the record does not reflect, that the shackles were visible to the jury during the trial. Upon this record, the Texas Court of Criminal Appeals' rejection of this claim is not contrary to or an unreasonable application of *Deck*,

and is not based on an unreasonable determination of the facts in light of the evidence presented.  No relief is available on this claim under § 2254(d).

### D.      Actual innocence claim (claim 5)

In his next claim, Jones maintains that he is actually innocent of the offense and that his claim of actual innocence can be maintain under *Schlup v. Delo*, 512 U.S. 298, 316 (1995).

"Supreme Court jurisprudence does not support an independent claim for federal habeas relief based on an allegation of actual innocence." *Dowthitt v. Johnson*, 180 F.Supp.2d 832, 843 (S.D. Tex. 2000) (Atlas, J.).  A claim of actual innocence may, however, be a "'gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Schlup v. Delo*, 512 U.S. 298, 316 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).  To serve as such a "gateway", however, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," and must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 324, 327.

Here, Jones identifies no new evidence that would support an actual innocence claim.  All Jones argues, based upon the file report title of "DeShawn Andrews," is that the cocaine was not his. That argument was presented to the jury and rejected.  Therefore, Jones has not stated a cognizable actual innocence claim and the claim is subject to dismissal.

### E.      Improper admission of evidence claim (claim 7)

In his next claim, Jones complains about the trial court's admission of "deficient" evidence. Jones does not state with any specificity what "deficient" evidence was admitted, and points to

nothing in the record to demonstrate its improper admission.  To the extent Jones complains about

the admission of the cocaine in exhibits 3 and 3-A on the basis that they were labeled with the name

DeShawn Andrews, that complaint was raised by Jones at trial and rejected by the state trial court.

In particular, the state trial court determined that the DeShawn Andrews label on Exhibits 3 and 3-A

did not render the exhibits inadmissible, and that the labeling went to the weight, not the admissibility

of the evidence.  S.F. Vol. 3 at 104-106 .  Jones has advanced no argument as to how this ruling was

improper under Texas law, or how the ruling affected his federal constitutional right to due process.

No relief is available to Jones on this unsupported claim.

### F.     Ineffective Assistance of Counsel claims (claims 8 -14)

In four claims (claims 8-11), Jones maintains that his trial counsel, Beverly Deadrick, was

ineffective for: (1) failing to investigate the case prior to trial; (2) failing to attempt to suppress

evidence; (3) failing to present a defense; and (4) failing to move for a directed verdict of acquittal.

He also maintains that he was denied the effective assistance of counsel when the trial court denied

his counsel's motion to withdraw (claim 12) and that he was denied counsel during the time allowed

for the filing of a motion for new trial (claim 13).  Finally, Jones complains that his appellate counsel

was ineffective for failing to challenge the sufficiency of the evidence on direct appeal (claim 14).

Ineffective assistance of counsel claims are measured by reference to the clearly established

federal law set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under

*Strickland*, to be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be

able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that

a fair trial could not be had.  *Id*. at 687.  Deficiency is judged by an objective reasonableness standard,

with great deference given to counsel and a presumption that the disputed conduct is reasonable.  *Id.*

15

at 687-689.   The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*   A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief.  *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993).  In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable."  *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel.  The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record.  Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984).  The reasonableness of the challenged conduct is determined by viewing the

circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691.  Counsel will not be

judged ineffective only by hindsight.  "The Sixth Amendment guarantees reasonable competence, not

perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 124 S.Ct.

1, 6 (2003); *Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456, 2462 (2005) ("hindsight is

discounted").

      Claims of ineffective assistance of appellate counsel are generally assessed under the same two

part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel.

*Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994).  With respect

to *Strickland's* deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel

who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d 1029,

1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *see also Ellis v. Lynaugh*, 873 F.2d 830,

840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous

ground that might be pressed on appeal."), *cert. denied*, 493 U.S. 970 (1989).  Rather, "[a]ppellate

counsel is obligated to only raise and brief those issues that are believed to have the best chance of

success." *Rose*, 141 F.Supp.2d at 704-705.  "[O]nly when ignored issues are clearly stronger than

those presented, will the presumption of effective assistance of counsel be overcome." *Gray v.

Greer*, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in *Smith v. Robbins*, 528 U.S. 259,

288 (2000)).  As for *Strickland's* prejudice prong, "[p]rejudice results if the attorney's deficient

performance would likely render either the defendant's trial fundamentally unfair or the conviction

and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001).

      Jones' first four ineffectiveness claims – that counsel was ineffective for: (1) failing to

investigate the case prior to trial; (2) failing to attempt to suppress evidence; (3) failing to present a

defense; and (4) failing to move for a directed verdict of acquittal – all relate to the "DeShawn Andrews" file report title on Exhibits 3 and 3-A. According to Jones, counsel should have discovered, prior to trial and for use in a motion to suppress that should have been filed, that the cocaine admitted into evidence in exhibits 3 and 3-A belonged to DeShawn Andrews, not him. In addition, Jones maintains that Ms. Deadrick should have presented a defense premised on the cocaine belonging to DeShawn Andrews and should have moved for a directed verdict on that basis.

The issue regarding the "DeShawn Andrews" file report title was explored thoroughly by Ms. Deadrick at trial. She questioned the chemist about the labeling of Exhibits 3 and 3-A, moved for dismissal of the charges against Jones based on the cocaine not having been obtained from him, and argued to the jury that the cocaine was DeShawn Andrews', not Jones'. S.F. Vol. 3 at 104-106, 107-109, 114; S.F. Vol. 4 at 11-13. Jones has not articulated what more Deadrick could have done to advance this issue or convince either the judge or the jury that the State's explanation for the labeling of Exhibits 3 and 3-A was unworthy of belief. Quite simply, the State offered testimony which explained why Exhibits 3 and 3-A were labeled with the file report title "DeShawn Andrews". The jury believed this explanation as well as Agent Lilly's testimony that Jones had provided him the cocaine admitted in Exhibits 3 and 3-A. The record supports the Texas Court of Criminal Appeals' determination that counsel was not deficient, and under § 2254(d), no relief is available on these ineffectiveness claims (claims 8-11).

As for Jones' claim that he was denied the effective assistance of counsel by virtue of the trial court's denial of counsel's motion to withdraw, the Texas Court of Criminal Appeals' rejection of this claim is also not contrary to or an unreasonable application of clearly established federal law, nor is it based on an unreasonable application of the facts in light of the evidence presented. The record

18

shows that counsel made an oral motion to withdraw on the first day of trial.  S.F. Vol. 2 at 1-2.

Following the prosecutor's arguments that Jones' dissatisfaction with his counsel was a delay tactic,

and that Jones had failed to communicate the identity of any alleged alibi witnesses to counsel during

the year that the case had been pending, the trial court denied the motion.  S.F. Vol. 2 at 10.  Because

the trial court's decision to deny the motion to withdraw was supported by the record,  *Gandy v.*

*Alabama*,  569 F.2d 1318, 1323-24 (5th Cir. 1978) ("The right to choose counsel may not be

subverted to obstruct the orderly procedure in the courts or to interfere with the fair administration

of justice."), and because a defendant is not entitled to counsel of his choice, *Green v. Johnson*, 160

F.3d 1029, 1045 (5th Cir. 1998) (a defendant "does not enjoy a constitutional right to the counsel

of his choice"), *cert. denied*, 525 U.S. 1174 (1999); *United States v. Breeland*, 53 F.3d 100, 106 n.11

(5th Cir. 1995) (dismissing as frivolous appellant's claim that the district court erred in refusing to

dismiss his court-appointed counsel); *Richardson v. Lucas*, 741 F.2d 753, 756 (5th Cir. 1984)

("Although the sixth amendment's right to counsel in criminal cases is absolute, an accused's right to

a particular counsel is not."); *Johnson v. Lynaugh*, 662 F. Supp 1513, 1519 (E.D. Tex. 1987) (The

"right to be represented by counsel in criminal proceedings does not include a right to court-

appointed counsel of one's choice"), no relief is available to Jones on this ineffectiveness claim (claim

12) under § 2254(d).

In his next ineffectiveness claim, Jones complains that the trial court denied him counsel

during the time allowed for the filing of a motion for new trial.  Both the record and § 2254(d) defeat

Jones' claim.  The record shows trial counsel filed a motion to withdraw on December 7, 2009.  Tr.

81.  That motion was granted on the same day, and appellate counsel was appointed two days

thereafter, on December 9, 2004.  Tr. 83, 84.  The record shows that Jones had counsel both through

December 7, 2009, and after December 9, 2009.

Even if the record could be construed to support Jones' claim that he did not have counsel during the time for the filing of a motion for new trial, no relief is available on that claim. The Supreme Court has not stated that a defendant is entitled to counsel during the period for the filing of a motion for new trial. In fact, that appears to be an open question, with the issue not even having been decided by the Fifth Circuit Court of Appeals. *See Mayo v. Cockrell*, 287 F.3d 336, 339-40 (5th Cir. 2002); *Graves v. Cockrell*, 351 F.3d 143, 155 (5th Cir. 2003). Thus, in the absence of any Supreme Court authority, the Texas Court of Criminal Appeals' rejection of this claim did not result "in a decision that was contrary to, or involved an unreasonable application of, *clearly established Federal law, as determined by the Supreme Court of the United States*," § 2254(d)(1) (emphasis added); *see e.g. Ellis v. Quarterman*, 2009 WL 1941885 (S.D. Tex. 2009) (Lake, J.). No relief is available on this claim (claim 13) under § 2254(d).

In his final ineffectiveness claim, Jones complains about appellate counsel and her failure to challenge the sufficiency of the evidence on appeal. The evidence of guilt in this case was strong. While an issue was raised about the ownership of the cocaine given the labeling of Exhibits 3 and 3-A, that issue was fully presented to the jury, which decided the issue against Jones. Appellate counsel was not, upon this record, ineffective for failing to raise what could only have been a weak challenge to the sufficiency of the evidence. The Texas Court of Criminal Appeals' rejection of this ineffectiveness claim is also not contrary to or an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence. No relief is available on this ineffective assistance of appellate counsel claim (claim 14).

### G.    Perjured Testimony/False Evidence Claim (claim 15)

In his final claim, Jones contends that the State offered perjured and false testimony as to his ownership of the cocaine, when the label on the cocaine itself showed that it belonged to  DeShawn Andrews.

To prevail on a perjured testimony/false evidence claim, it must be shown (1) that the evidence presented was false; (2) that the evidence was material; and (3) that the prosecution knew that the evidence was false.  *United States v. Blackburn*, 9 F.3d 353, 357 (5th Cir. 1993), *cert. denied*, 513 U.S. 830 (1994); *Shaw v. Estelle*, 686 F.2d 273, 275 (5th Cir. 1982), *cert. denied*, 459 U.S. 1215 (1983).  The use of perjured testimony is material "only where 'the false testimony could in any reasonable likelihood have affected the judgment of the jury.'"  *Knox v. Johnson*, 224 F.3d 470, 478 (5th Cir. 2000) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)), *cert. denied*, 532 U.S. 975 (2001).  Discrepancies in testimony alone do not establish the knowing use of perjured testimony. *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *see also Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001) ("Conflicting or inconsistent testimony is insufficient to establish perjury.").

Here, Jones has not and cannot show that the evidence presented was false or that State offered perjured testimony.  Jones argues at length in this proceeding that the cocaine in Exhibits 3 and 3-A, which bore the file report title "DeShawn Andrews", was DeShawn Andrews', not his. Other than the file report title, however, which was explained by witnesses for the State, Jones offers nothing in support of this claim.  The Texas Court of Criminal Appeals' rejection of this claim was therefore not contrary to or an unreasonable application of clearly established Federal law, nor was it based on an unreasonable determination of the facts in light of the evidence.  No relief is available to Jones on this claim under § 2254(d).

## V.     Conclusion and Recommendation

Based on the foregoing and the conclusion Jones' sufficiency of the evidence claims are procedurally barred from review and that no relief is available to Jones on any of his claims, the Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 15) be GRANTED, that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and that this proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 9th day of November, 2009.

Frances H. Stacy
United States Magistrate Judge